[Cite as *State v. Berry*, 2016-Ohio-3022.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| FRANKLIN J. BERRY | : | Case No. 15-COA-009 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:               Appeal from the Ashland County
                                       Court of Common Pleas, Case No.
                                       14-CRI-144


JUDGMENT:                              Affirmed


DATE OF JUDGMENT:                      May 16, 2016


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

CHRISTOPHER R. TUNNELL                 CHRISTINA I. REIHELD
Prosecuting Attorney                   P.O. Box 532
                                       Danville, Ohio 43014
By: GARY D. BISHOP
Assistant Prosecuting Attorney
110 Cottage Street
Ashland, Ohio 44805

*Baldwin, J.*

{¶1} Appellant Franklin J. Berry appeals a judgment of the Ashland County Common Pleas Court convicting him of rape (R.C. 2907.02(A)(1)(b)) and three counts of gross sexual imposition (R.C. 2907.05(A)(4)) and sentencing him to an aggregate term of imprisonment of 30 years to life. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} Over the course of a year, appellant committed multiple acts of sexual abuse on a female family member, who was seven/eight years old at the time. The acts included grooming activities, such as showing her pornography and asking her if she knew about sex, causing her to touch his penis, touching her vagina with possible penetration, performing oral sex on the victim, having the child perform fellatio on him, and having her rub her vagina on his penis on multiple occasions.

{¶3} Appellant moved out of state, and the incidents stopped. Six years later, the victim told an adult. Appellant was indicted by the Ashland County Grand Jury with four counts of rape and five counts of gross sexual imposition. On December 1, 2014, he entered a plea of guilty to one count of rape and three counts of gross sexual imposition. The remaining counts were dismissed. The court sentenced appellant to fifteen years to life imprisonment for rape and sixty months incarceration on each count of gross sexual imposition, to be served consecutively.

{¶4} Counsel for appellant originally filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967). Upon review, this Court found the appeal to not be wholly frivolous as is required to file an *Anders* brief. We ordered the trial court to appoint replacement counsel for appellant, who assigns the following error:

**{¶5}** "THE TRIAL COURT IMPOSED A SENTENCE WHICH WAS CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD WHEN IT LEVIED CONSECUTIVE SENTENCES AGAINST MR. BERRY BASED IN PART UPON UNSUPPORTED ALLEGATIONS CONCERNING AN UNNAMED SECOND VICTIM IN VIOLATION OF MR. BERRY'S CONSTITUTIONAL RIGHTS TO DUE PROCESS."

**{¶6}** R.C. 2929.14(C)(4) provides for the imposition of consecutive sentences as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶7}** The trial court stated on the record during the sentencing hearing:

I am further finding that consecutive sentences in the case is not disproportionate to the seriousness of your conduct and to the danger you pose to the public, and there is information that there might be actually a second victim out there in Oregon. I think that you received consideration in the reduction in charges that was negotiated in exchange for a plea and I am further finding that at least two of these offenses were committed as part of one or more courses of conduct, and the harm caused collectively by the offense so committed was so great or unusual that no single prison term committed for the offenses committed as part of the course of the conduct adequately reflects the seriousness of your conduct simply because as Mr. Tunnell pointed out, this is not just an offense that, oops, you were tempted at that moment, that was a planned activity where you groomed the child and gradually increased the activity with an ultimate purpose in mind that went well beyond the initial contact.

**{¶8}** Tr. 30-31.

**{¶9}** In the sentencing entry, the court found that consecutive sentences were necessary to protect the public from future crime, to punish appellant, and that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger appellant poses to the public. The court also found that at least two of the

offenses were committed as a part of one or more courses of conduct, and the harm caused was so great or unusual that no single prison term adequately reflected the seriousness of his conduct.

{¶10} Appellant argues that the evidence concerning a second victim was unsubstantiated and based solely on suspicions of the family because appellant had a picture of a girl on his phone.  Upon review of the sentencing transcript and the presentence investigation report, we find that any error in considering this information was harmless because the other information in the record supported the imposition of consecutive sentences.

{¶11}  The court did not include the second victim in the sentencing entry, and it is not clear from the passing comment in the transcript that the court based the imposition of consecutive sentences on this possibility.  The PSI report is rife with information concerning the extreme emotional and financial harm caused to the victim and to her family as a result of appellant's crimes.  The victim suffers from post-traumatic stress disorder, and has dropped out of school to be homeschooled as a result.  Her mother is unable to work and contribute financially to the family due to the time required for counseling appointments and to homeschool the victim.

{¶12}  Further, as noted by the court during the sentencing hearing, appellant did not appear to fully accept responsibility for his behavior.  He stated in open court that he did not hold what happened against the victim.  Similarly, in his interview for the presentence investigation report, he noted that the victim did not object to what happened between them, and referred to the sexual acts that she "liked" to do with him.  Based on his continued suggestion that the child victim was in some way responsible for the crimes

he committed against her, the court did not err in finding that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger appellant poses to the public.

{¶13} The court's findings concerning consecutive sentences are supported by abundant evidence in the record, independent of the family's suspicions that a second victim existed in Oregon. The assignment of error is overruled.

By: Baldwin, J.

Delaney, J. concurs.

Hoffman, P.J. dissents.

*Hoffman, P.J., dissenting*

{¶14} I respectfully dissent from the majority opinion.

{¶15} I agree there was ample evidence in the record to support the imposition of consecutive sentences. I further agree it is not clear the trial court based its decision on the unsubstantiated suspicion of a second out-of-state victim.

{¶16} While the trial court's reference to the possibility of a second victim may well have been what the majority describes as a "passing comment", it, nevertheless, was considered. I believe justice is best served by vacating Appellant's sentence and remanding the matter to the trial court to resentence Appellant without consideration of a possible second victim.